UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

PATRICIA TUOHY and JOHN TUOHY, on behalf of themselves and all others similarly situated,

                Plaintiff

-against-

GC SERVICES LIMITED PARTNERSHIP,

                Defendant

-------------------------------------------------------------------x

**CLASS ACTION COMPLAINT**

## PRELIMINARY STATEMENT

1. The Plaintiffs PATRICIA TUOHY and JOHN TUOHY ("Plaintiffs") bring this lawsuit based upon improper and violative debt collection practices utilized and otherwise invoked by the above-named Defendant, GC SERVICES LIMITED PARTNERSHIP. These collection practices are expressly prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Based upon the Defendant's violations of the FDCPA, as set forth and alleged herein, the Plaintiffs, and the class they seek to represent, are entitled to statutory damages, attorneys fees, and costs, all pursuant to 15 U.S.C. § 1692k.

## PARTIES

3. The Plaintiffs are each a natural person.

4. At all times relevant to this Complaint, each Plaintiff was a citizen of, and otherwise resided in, Nassau County, New York.

5. The Defendant GC Services Limited Partnership (GCS) is a debt collection partnership and maintains a principle place of business located at 6330 Gulfton Drive, Houston, Texas.

6. The Defendant GCS is registered as a Foreign Limited Partnership with the New York Secretary of State for the purpose of conducting debt collection activity within the State of New York.

7. The Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

8. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6)

## JURISDICTION & VENUE

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiffs occurred within this federal judicial district.

## FACTS CONCERNING THE PLAINTIFFS

11. The Plaintiff Patricia Tuohy is alleged by the Defendant GCS to be indebted to American Express for an alleged debt which was allegedly incurred for personal purposes.

12. The monetary obligation alleged to be owed by the Plaintiff Patricia Tuohy is an alleged "debt" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(5).

13. The Plaintiff Patricia Tuohy is a "consumer" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(3).

14. The Plaintiff John Tuohy has standing to allege claims herein under those portions of the FDCPA violated by the Defendant GCS which apply to "any person".

15. At a time unknown to the Plaintiffs, the alleged debt went into default and was referred to the Defendant GCS for collection purposes.

16. In the attempt to collect the alleged debt from the Plaintiff Patricia Tuohy, the Defendant GCS placed multiple telephone voice mails to both Patricia Tuohy and John Tuohy.

17. In all of the messages, the debt collectors employed by the Defendant GCS failed to identify GCS as the caller.

18. In all of the messages, the debt collectors employed by the Defendant GCS failed to advise that GCS is a debt collector.

## CLASS ALLEGATIONS

19. This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

20. This claim is brought on behalf of a class consisting of:

    a. all persons, with addresses in Nassau County and Suffolk County, who, within a time period commencing from one year prior to the date of the filing of the Complaint received a telephone message from GCS which failed to identity GCS as the caller and which failed to advise that GCS is a debt collector.

21. The identities of all class members are readily ascertainable from records maintained by the Defendant GCS.

22. Excluded from the class defined heretofore herein are the Defendant GCS and all officers, members, partners, managers, directors, and employees of the Defendant GCS and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

23. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.

24. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

25. The Plaintiffs will fairly and adequately protect the interests of the class defined in this Complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorney has any interests, which might cause them not to vigorously pursue this action.

26. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure:

    (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis alleges, that the class defined above is so numerous that joinder of all members of the class would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant GCS utilized false, deceptive, misleading and unfair debt collection means in the attempts to collect alleged personal debts.

(c) **Typicality:** The Plaintiffs claims are typical of the claims of the class members. Plaintiffs and all members of the class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent members of the class. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

(f) Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to

members of the class predominate over any questions affecting any individual member of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. The Defendant violated the FDCPA. The Defendant's violations include, but are not limited to, the following:

   a- The Defendant violated 15 U.S.C. §1692d(6) by placing telephone calls for the Plaintiffs and the class without meaningful disclosure of its identity;

   b- The Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading debt collection means during attempts to collect alleged consumer debts.

   c- The Defendant violated 15 U.S.C. § 1692e(11) by failing to advise in all communications with the Plaintiffs and the class that it is a debt collector.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of the Plaintiffs and the class as set forth below:

   (i) The maximum statutory damages for themselves and the class as are allowed pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   (ii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §

    1692k(a)(B)(3); and

(iii)    For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiffs demand that this case be tried before a Jury.

DATED: New York, New York
           January 20, 2020

                              ROBERT L. ARLEO, ESQ. P.C.

                        By: */s/ Robert L. Arleo*
                            ROBERT L. ARLEO
                            380 Lexington Avenue
                            17th Floor
                            New York, New York 10168
                            PHONE (212) 551-1115
                            FAX: (518) 751-1801
                            Email: robertarleo@gmail.com
                            Attorney for the Plaintiffs